UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Petitioner-Appellee,*

v.                                              No. 02-7098

CRAIG O. COPLEY,
          *Respondent-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-90-47-HC)

Submitted: April 24, 2003

Decided: May 2, 2003

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Jane E. Pearce, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Michelle T. Fuseyamore, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Craig O. Copley appeals the district court's order declining to unconditionally release him from the custody of the Attorney General pursuant to 18 U.S.C. § 4247(h) (1994). Copley was committed under the provisions of 18 U.S.C. § 4246 (2000), after charges of threatening the life of the President were dismissed "solely for reasons related to [Copley's] medical condition." 18 U.S.C. § 4246(a). Copley was originally committed when the district court found that Copley was "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). For Copley to succeed in his attempt to obtain his release following that finding, the district court must now find by a preponderance of the evidence that Copley has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk. *See* 18 U.S.C. § 4246(e). That finding will not be overturned on appeal unless it is clearly erroneous. *United State v. Cox*, 964 F.2d 1431, 1433 (4th Cir. 1992).

The parties agree that Copley still suffers from a mental illness, Schizoaffective Disorder. They disagree, however, regarding the district court's determination that Copley would pose a substantial risk of bodily injury to people or damage to property upon his release. In reaching the conclusion that Copley would present a substantial risk if released, the district court relied on Copley's extensive history of arrests and convictions for violent offenses including assault, robbery, and possession of weapons; an incident report in November 2001 for threatening a staff member at his facility; and his history of noncompliance with the required anti-psychotic medication during previous conditional releases.

With this evidence of record, we are not left with "the definite and firm conviction that a mistake has been committed," *United States v.*

*United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (clear error review). Consequently, we affirm the district court's order. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*